UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-00335-TWP-DKL |
| | ) |
| ACCORD HEALTHCARE INC., USA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| ACCORD HEALTHCARE INC., USA, | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Counter Defendant. | ) |

**ORDER SETTING INITIAL PRETRIAL CONFERENCE**

This case is assigned for an initial pretrial conference before United States Magistrate Judge Denise K. LaRue on **WEDNESDAY, JUNE 12, 2013, at 11:00 A.M., EST,** in Room 255, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. If a proposed Case Management Plan (ACMP@) has not yet been filed, the parties are ordered to confer prior to the initial pretrial conference and prepare a proposed CMP. The CMP shall be in the format set forth in the model CMP found on the Court=s website (www.insd.uscourts.gov), shall comply with S.D.Ind.L.R. 16-1(b), and shall address discovery issues as required by Fed. R. Civ. P.

26(f).[1] (Please note that a separate Uniform Patent Case Management Plan is to be used for patent cases.) **The parties shall file the proposed CMP no less than seven days prior to the pretrial conference. Filing of the plan will not automatically vacate the pretrial conference. The conference will remain set unless specifically vacated by the Court, which is unlikely.**

Represented parties shall attend the initial pretrial conference by counsel. Counsel shall appear in person unless they obtain leave to appear at the pretrial conference by telephone. Leave to appear by telephone will be freely granted to counsel outside the Indianapolis Division; such counsel may request to participate by telephone by calling the undersigned=s staff, at 317-229-3930, at least three (3) days in advance of the conference. Counsel within the Indianapolis Division are expected to appear in person. The parties themselves may attend at their option.

Counsel who attend the conference must have their appearance on file. Counsel and pro se parties should be prepared to discuss the following: (1) legal issues in the case; (2) all known facts that support any issue, claim, or defense, including any claim for or defense to damages; (3) the scope of damages; (4) and the plan for discovery, including any particular discovery issues or problems counsel have identified.

Pursuant to S.D.Ind.L.R. 16-1(c), counsel should also be prepared to fully discuss settlement at the initial pretrial conference (as well as any subsequent conference). **Plaintiff=s counsel shall appear at the pretrial conference prepared to make a**

---

[1] Parties are reminded that they may commence discovery following the 26(f) conference. Fed. R. Civ. P. 26(d)(1).

**settlement demand if no demand has yet been made.** Defendant=s counsel shall appear at the pretrial conference prepared to make an offer to any outstanding demand. If no demand has been made, Defendant=s counsel shall be prepared to discuss the general parameters of relief responsive to any demand made at the pretrial conference.  Counsel should be prepared to discuss what specific items of discovery need to be completed in order to evaluate the case for settlement as well as how that discovery can be accomplished as quickly and efficiently as possible.

  The Court encourages counsel to agree on a numbering system for exhibits in discovery that will assign a unique number to each exhibit, so that the same exhibit number can be used at all depositions and at trial. If the parties anticipate seeking a protective order to protect the confidentiality of trade secrets or other confidential information, they shall carefully review the Seventh Circuit=s decisions in *Baxter International v. Abbott Laboratories*, **297 F.3d 544 (7th Cir. 2002)**, *Union Oil Company of California v. Leavell*, **220 F.3d 562 (7th Cir. 2000)**, *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, **178 F.3d 943 (7th Cir. 1999)**, and related cases.   Parties are also encouraged to confer and prepare a proposed protective order for discussion at the Initial Pre-Trial Conference.

  Parties are reminded that as pursuant to Local Rule 5-2, all documents filed in this matter shall be filed electronically, unless expressly exempted by local rule or an Order of the Court. (Pro se litigants may not file documents electronically.) Accordingly, counsel shall register with the Clerk=s office for electronic filing. Counsel need only register one time in the Southern District; it is not necessary to register in

every case in which counsel is involved. Information on electronic filing can be found by visiting the Court=s website and going to the page entitled *Electronic Case Filing*. For assistance or training in the use of electronic filing, please contact the Clerk=s office (317) 229-3700.

Electronic filing allows public access to case information. For this reason, parties must refrain from including personal identifying information such as social security numbers, names of minor children, dates of birth, and financial account numbers. Any such information that cannot be eliminated from a filing must be redacted. Please refer to Fed. R. Civ. P. 5.2 for more information.

Date: 04/29/2013

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to:

All ECF-registered counsel of record via email